ORDER DENYING CERTIFICATE OF APPEALABILITY
MICHAEL R. MURPHY, Circuit Judge.
Petitioner-Appellant Kelly Tigert is an Oklahoma state prisoner. When legal documents bearing Tigert’s name were discovered in the locker of another inmate, he was charged with violating prison rules prohibiting inmates from “receiving, trading, selling, giving or loaning” property to another inmate. After a disciplinary hearing, Tigert was found guilty of Individual Disruptive Behavior and he lost sixty hours of good time credit.
Proceeding pro se, Tigert filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in federal district court. In his petition, Tigert alleged he was denied due process in the prison disciplinary proceeding. The federal magistrate judge recommended denying Tigert’s § 2241 petition, concluding there was no due process violation because Tigert was provided with (1) at least twenty-four hours advance written notice of the claimed violations, (2) an opportunity to call witnesses and present documentary evidence in his defense, and (3) a written statement identifying the evidence relied upon by the factfinders and the reasons for the disciplinary action taken. Wolff v. McDonnell, 418 U.S. 539, 564-66, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). The magistrate judge further concluded the record contained “some evidence” to support the disciplinary sanctions imposed on Tigert.[1] Superintendent v. Hill, 472 U.S. 445, 454-55, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985). The district court adopted the magistrate’s recommendation and dismissed Tigert’s § 2241 petition.
Tigert now seeks a certificate of appeal-ability (“COA”) to enable him to appeal the *786 district court’s dismissal of his petition. See 28 U.S.C. § 2253(c)(1)(A). This court will issue a COA “only if the applicant has made a substantial showing of the denial of a constitutional right.” Id. § 2253(c)(2). To satisfy this standard, Tigert must demonstrate “that jurists of reason could disagree with the district court’s resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.” Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).
This court has reviewed Tigert’s application for a COA and appellate brief, the district court’s order, the magistrate judge’s report and recommendation, and the entire record on appeal pursuant to the framework set out by the Supreme Court in Miller-El and concludes that Tigert is not entitled to a COA. The district court’s resolution of Tigert’s claim is not reasonably subject to debate and the claim is not adequate to deserve further proceedings. Accordingly, Tigert is not entitled to a COA. 28 U.S.C. § 2253(c)(2).
This court denies Tigert’s request for a COA and dismisses this appeal.

. That evidence was the document found in the locker.